**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 04-cv-2424-REB-BNB

EASY STREET CORPORATION, a Colorado corporation d/b/a HOCHFIELD
JEWELERS AND HOCHFIELD ASPEN,

      Plaintiff,

v.

PARMIGIANI FLEURIER SA, and
PARMIGIANI FLEURIER NORTH AMERICA,

      Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION TO**
**QUASH SERVICE AND TO DISMISS DEFENDANT**

---

**Blackburn, J.**

      This matter is before me on Parmigiani Fleurier SA's motion to dismiss [#5],

filed December 3, 2004.  The plaintiff filed a response, and the plaintiff filed a reply.  I

conclude that the motion should be granted.

      The plaintiff asserts three claims under state law against the defendants.  I

have diversity jurisdiction over this case under 28 U.S.C. § 1332.  Defendant

Parmigiani Fleurier SA (Parmigiani) argues that neither named defendant properly

has been served with a summons and the complaint in this case, and that the

plaintiff's attempted service should be quashed.  In addition, Parmagiani argues that

the defendant named as Parmigiani Fleurier North America is not a legal entity and

must be dismissed from this case.  These are procedural issues and federal law

controls.

# I. PROPER SERVICE

Parmigiani Fleurier SA is a Swiss corporation that manufactures and markets watches.  The plaintiff served a summons and the complaint on Michelle Veyna, an individual who is Parmigiani's North American distributor.  Parmigiani argues that service on Veyna is ineffective because Veyna is not an officer, manager, general agent, or registered agent of Parmigiani.  Parmigiani has filed the affidavit of its vice-president, José Morón, who states that Veyna "is the trading representative of Parmigiani Fleurier SA in the North America territory."  *Motion to Dismiss*, Exhibit A (Morón Affidavit), ¶ 2.  Veyna is not and never has been an officer, executive, manager, supervisor, or registered agent for Parmigiani, and is not authorized to accept service for Parmigiani.  *Id.*, ¶ 5.  Morón says Veyna "is essentially a salesperson with the duty and authority to promote the company's sales and distribution network in North America."  *Id.*

The plaintiff argues that Veyna is a de facto officer of Parmigiani because her business card indicates that she holds the title "President, North America." *Response to Motion to Dismiss*, Exhibit 1.  The plaintiff also claims Veyna initiated negotiations with the plaintiff, and represented herself as acting on behalf of Parmigiani.  Further, the plaintiff notes that Parmigiani's website endorses Michelle Veyna as an "authorized world agent." *Id.*, Exhibit 2.  In short, the plaintiff claims Parmigiani clothed Veyna with the "indicia of a corporate officer . . . ." *Id.*, p. 5.  As a de facto officer of Parmigiani, the plaintiff argues, Veyna could accept service for Parmigiani.  I disagree.

Veyna's business card, which carries the title "President, North America," does not clothe Veyna with de facto authority over Parmigiani's affairs. At most, the card can be read to indicate that she has authority over Parmigiani's North American territory. The same is true of Parmigiani's website, which describes Veyna as an "authorized world agent." An agent for what, one must ask. The plaintiff dealt with Veyna as essentially a sales agent, and Veyna's business card and Parmigiani's website do not clothe Veyna with more expansive apparent authority over Parmigiani's affairs. Parmigiani did not clothe Veyna with authority over Parmigiani's affairs beyond sales representation in North America. Veyna cannot be seen as a de facto officer of Parmigiani.

Under FED. R. CIV. P. 4, service on a person who is a general agent of a corporation is proper if the person "stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." **Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.**, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation and citation omitted). Based on the record in this case, I cannot conclude the Veyna was a de facto officer of Parmigiani, or that it is fair and just to imply that she has authority to receive service on behalf of Parmigiani. The plaintiff's attempt to serve Parmigiani by serving Veyna should be quashed.

## II. DISMISSAL OF PARMIGIANI FLEURIER NORTH AMERICA

In his affidavit, Parmigiani's vice-president, José Morón, states that the defendant named as Parmigiani Fleurier North America (PFNA) is not a corporation or any other type of legal entity. *Motion to Dismiss*, Exhibit A (Morón Affidavit), ¶ 4. Rather,

PFNA is a designation by Parmigiani of a territory in which it distributes its watches. *Id*. Again, Michelle Veyna is Parmigiani's North American distributor.

The plaintiff does not dispute that PFNA is not a formal legal entity, but argues that PFNA has been held out to the plaintiff as a distinct entity in a magazine ad for Parmigiani watches, and on Michelle Veyna's business card. *Response to Motion to Dismiss*, Exhibits 1 and 4. Further, the plaintiff notes that Parmigiani's website endorses Michelle Veyna as an "authorized world agent." *Id*., Exhibit 2. These representations, the plaintiff claims, indicate "that PFNA is a legal entity that truly exists to conduct North American operations." *Id*., p. 6. I disagree.

The magazine ad, the business card, and the website do not hold out PFNA as a distinct legal entity. They readily can be read to indicate that Parmigiani simply has a North American division, territory, or representative, as Parmigiani indicates. These representations do not clearly indicate the existence of a separate entity under the name Parmigiani Fleurier North America. Such a reading goes far beyond a reasonable reading of these three representations.

The evidence in the record indicates that there is no distinct legal entity, actual or implied, that exists under the name Parmigiani Fleurier North America. The name Parmigiani Fleurier North America is simply a designation of one of Parmigiani's distribution territories. Legally, Parmigiani Fleurier North America is a non-entity and is not subject to suit. Parmigiani's motion to dismiss Parmigiani Fleurier North America as a defendant should be granted.

## III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That defendant Parmigiani Fleurier SA's motion to dismiss [#5], filed December 3, 2004, is **GRANTED**;

2) That plaintiff's service of a summons and the complaint on Michelle Veyna is **QUASHED** because it does not constitute proper service of process on defendant Parmigiani Fleurier SA under FED. R. CIV. P. 4;

3) That the defendant named as Parmigiani Fleurier North America is **DISMISSED** and **DROPPED** from this action; and

4) That the caption of this case shall be **AMENDED** to remove the defendant named as Parmigiani Fleurier North America.

Dated August 11, 2005, at Denver, Colorado.

BY THE COURT:


s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge