IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02424-MEH-BNB

EASY STREET CORPORATION, a Colorado Corporation d/b/a HOCHFIELD JEWELERS,
and
HOCHFIELD ASPEN,

    Plaintiffs,

v.

PARMIGIANI FLEURIER SA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a jewelry retailer, contends that it became the legal owner of eight expensive wristwatches manufactured by Defendant. Plaintiff contends that once it determined that it could not sell the wristwatches, it asked Defendant to purchased them back, and Defendant agreed. Plaintiff sent the wristwatches to Defendant, but Defendant never compensated Plaintiff, and Defendant has retained the wristwatches to this day. Plaintiff brings an action for conversion and for breach of contract. Defendant contends that Plaintiff never paid for the wristwatches and, thus, has no right to demand payment from Defendant. Defendant further contends that it is willing to simply give the wristwatches back to the Plaintiff, but the Plaintiff will not take them. Plaintiff now moves for summary judgment on the conversion and breach of contract claims, leaving only the issue of damages for trial to the Court. For the following reasons, the Court denies Plaintiff's Motion.

**I.     Facts**

These are the relevant facts that are undisputed for purposes of Plaintiff's Motion for Summary Judgment, except as otherwise noted. Defendant is a Swiss company that manufacturers wristwatches. In 2001, it contracted with Horological Works, LLC ("Horological") to distribute such watches in the United States. Under the agreement, Horological would purchase some watches and would sell others on consignment. If Horological purchased a watch, such watch became the property of Horological. If Defendant consigned a watch, that watch remained Defendant's property.

Horological received the eight wristwatches at issue here from Defendant, accompanied by invoices. The invoices do not indicate whether the watches are of the "sold" variety or "consigned" variety. The owner of Horological has testified by affidavit that the eight watches were sold to Horological. Defendant states in its response to the Motion for Summary Judgment, "Parmigiani also disputes that Horological Works, which never paid for the eight Parmigiani watches, had any ownership interest in the eight Parmigiani watches . . . ." Response at 9. The Response cites an affidavit of Michelle F. Veyna, trading representative for Defendant, at paragraph 8: "In 2003, a dispute arose between Parmigiani and Horological Works. The nature of the dispute was Horological Works' failure to pay Parmigiani for virtually all of the watches it received from Parmigiani on consignment or otherwise." This dispute resulted in an arbitration, which itself resulted in a very cursory settlement agreement. That agreement included the following line item: "Inventory to be returned for Credit (see attached)." Attached to the agreement is an itemization of the inventory that Horological was apparently agreeing to return. The eight wristwatches at issue in the present case are not included in the itemization. The agreement is dated February 19, 2004.

On a separate track, on April 28, 2000, Plaintiff contracted with Horological to receive

Parmigiani watches on a consignment basis. At that time, Plaintiff paid a $50,000.00 security deposit to Horological. On February 3, 2003, Plaintiff notified Horological that it was terminating the contract. The notice provided that, pursuant to the terms of the original contract, Plaintiff was returning all Parmigiani inventory, and Horological would return the $50,000.00 security deposit. Also in the notice, Plaintiff referenced a $21,385.30 invoice that it owed to Horological and suggested that Horological apply this against the $50,000.00 security deposit and either (1) permit Plaintiff to retain its current Parmigiani inventory, sell it until the remaining $28,614.70 security deposit was exhausted, whereupon the remaining inventory would be returned to Horological, or (2) permit Plaintiff to return all Parmigiani inventory at that time but retain $28,614.70 worth of the wristwatches as a way of satisfying the security deposit. The parties ultimately agreed that Horological would keep the remaining $28,614.70 security deposit, and Plaintiff would keep all remaining inventory (which included the eight wristwatches at issue here). The relationship between Horological and Plaintiff ended at that time. The parties do not provide the Court with the date of this ultimate agreement between Horological and Plaintiff, nor do they indicate when the eight wristwatches at issue here were transferred from Horological to Plaintiff.

In October 2003, Defendant's representative, Michelle Veyna, contacted Plaintiff to discuss Plaintiff's status as a distributer of Defendant's watches. Plaintiff stated that it did not wish to remain a Parmigiani distributer, and that it wanted Defendant to purchase back its Parmigiani inventory. In October or November 2003, Defendant stated that it would be willing to do so but requested that Plaintiff remain a distributer through the current sales season. At that time Plaintiff had 10 Parmigiani wristwatches. Plaintiff agreed to the terms suggested by Defendant. By January 2004, Plaintiff had sold two of the ten watches. Plaintiff contacted Defendant's representative, Ms. Veyna, and informed

her that Plaintiff was returning the eight watches in exchange for payment for the watches. Ms. Veyna agreed, although she contends that the normal paperwork indicating the time and manner of Plaintiff's purchase of the eight watches was not included. On January 15, 2004, Plaintiff sent the remaining eight watches to the Defendant, again without any such paperwork. Thereafter, Plaintiff did not provide any information of its purchase of the eight watches other than the security deposit agreement with Horological, and Defendant has not returned the watches, although they contend they would if so requested. This lawsuit ensued.

Plaintiff moves for partial summary judgment. On its conversion claim, Plaintiff contends that Defendant has exercised unauthorized dominion over the eight watches, which Plaintiff contends it owns. Defendant contends that Horological never had an ownership interest to pass to Plaintiff, because Horological never owned the watches (since it had not paid Defendant for them). Thus, Defendant's exercise of dominion over property that presumably belonged to them is not wrongful. Finally, Defendant contends that Plaintiff has never requested return of the watches to the Plaintiff's possession. On the contract claim, Plaintiff contends that Parmigiani orally agreed to repurchase the eight watches and has breached its agreement. Defendant contends that the contract included the Plaintiff's best efforts to sell the watches during the remainder of the season, which Plaintiff failed to do. Defendant also contends that the contract was not supported by consideration, that Plaintiff is barred from recovery under the doctrine of unclean hands, and that the contract is void because the parties did not have a meeting of the minds on the essential elements.

## II. Discussion

### A. Legal Standard for Summary Judgment

Plaintiff moves for summary judgment on both of its claims. A motion for summary judgment

serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.,* the evidence must be based on personal knowledge. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences

in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Further, it is well established in Colorado law that "the interpretation of a contract is a question of law for the court," *Randall & Blake, Inc. v. Metro Wastewater Reclamation Dist.*, 77 P.3d 804, (Colo. App. 2003), and is properly considered in the context of a summary judgment motion. *See Roberts v. American Family Mut. Ins. Co.*, 144 P.3d 546, 548 (Colo. 2006); *Anderson v. Denver Public Sch. Employees' Pension & Benefit Ass'n*, 935 P.2d 31, 33 (Colo. App. 1996). Finally, under Colorado law, "the existence of an oral contract, its terms, and whether it has been modified are factual questions." *Lobato v. Bleidt*, 54 F.3d 787, (10th Cir. 1995).

### B.     Conversion Claim

Colorado law provides that, "[c]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 602 (Colo. Ct. App. 2004) (quoting *Byron v. York Investment Co.*, 296 P.2d 742, 745 (Colo. 1956) (internal quotation marks omitted)). However, "[a]n action for damages for conversion of personal property cannot be maintained unless plaintiff had a general or special property [interest] in the personalty converted, coupled with possession or the immediate right thereto." *Byron*, 296 P.2d at 745.

Several facts -- as to which no evidence has been produced -- are of major concern to the Court with regard to this claim. First, although the owner of Horological makes the legal conclusion that he bought the watches from Defendant, he does not state that he ever paid for them, how much he paid, what was the manner of payment, and when he received the watches. Defendant contends that Horological did not pay for the watches. The parties do not adequately address the impact of

this potential nonpayment on Plaintiff's claim for conversion. If Defendant was never compensated for the watches, did they remain property of the Defendant? If Horological did not disclose its possession of the eight watches in the inventory list provided to Defendant as a result of the arbitration settlement, does that mean that Horological had already transferred them to Plaintiff? If so, or even if not, what impact does that have on Plaintiff's explicit claim to ownership and Defendant's implicit claim to ownership? Has the Plaintiff ever made a legal demand for return of the watches to its possession, and does such a demand make any difference under the law?

What the Plaintiff has done, particularly with the affidavit of Donald Loke, owner of Horological, is state "conclusory assertions of ultimate fact," *see, e.g., Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999), without the underlying essential facts. A statement that Horological "purchased" the watches, as opposed to received them on consignment, without an explanation of the specifics of the purchase, does not provide the Court with sufficient information to resolve this case on summary judgment. The same is true for Defendant's assertion that it has never been paid for the watches. *See also Miller v. Solem,* 728 F.2d 1020, 1024 (8th Cir. 1984) (stating that "conclusive assertions of ultimate fact are entitled to little weight"); *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir.1978) (stating that conclusory, "bald assertions of ultimate facts are ordinarily insufficient to support summary judgment"); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135, 138-39 (5th Cir. 1973) (nonmovant survives motion for summary judgment, without countering movant's showing, where movant's affidavit "set forth only ultimate facts or conclusions"); *Dawkins v. Green,* 412 F.2d 644, 646 (5th Cir. 1969) (same); *Bridges v. Internal Revenue Serv.,* 433 F.2d 299, 300 (5th Cir.1970) (bare, conclusory allegations that defendant was within scope of authority cannot sustain summary judgment).

### C.  **Breach of Contract Claim**

In attempting to recover for breach of contract, the Plaintiff must prove that (1) a contract existed; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages.  *See Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  The Court believes that material issues of fact preclude summary judgment on this claim.  The parties dispute some elements of the alleged oral contract, and the issue of whether consideration was received by the Defendant is contested.  Therefore, the first element of whether or not a contract even existed is not established by the record herein.  *See generally Denver Truck Exch. v. Perryman* ,307 P.2d 805, 810 (Colo. 1957) (essential elements of a contract are "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligations").  Accordingly, as with the conversion claim, this claim is not susceptible to summary judgment as framed by the parties' briefs.

### III.  **Conclusion.**

Based upon the foregoing, and the entire record herein, Plaintiff's Motion for Partial Summary Judgment [Filed December 19, 2006; Dockets #57 and #59] is **denied.**

Dated at Denver, Colorado, this 12th day of March, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge