IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02424-MEH-BNB

EASY STREET CORPORATION, a Colorado Corporation
d/b/a HOCHFIELD JEWELERS, and
HOCHFIELD ASPEN,

      Plaintiffs,

v.

PARMIGIANI FLEURIER SA,

      Defendant.

_____

## ORDER ON CROSS-MOTIONS TO ALTER OR AMEND JUDGMENT
_____

Before the Court are Plaintiff's Motion to Alter or Amend [Docket #91] and Defendant Parmigiani Fleurier SA's Motion to Alter or Amend and Request for Oral Argument [Docket #95]. Oral argument would not materially assist the Court in adjudicating these motions and, moreover, would increase the costs of this already expensive lawsuit. For the reasons stated below, the Court **grants in part** and **denies in part** Plaintiffs' Motion and **denies** Defendant's Motion.

## I.    Background

Plaintiffs filed this suit bringing claims of breach of contract, conversion, and civil theft. Plaintiff Hochfield Jewelers, a retailer, claims that it returned eight watches to Defendant, the manufacturer, under an agreement that Defendant would buy back the watches from Plaintiff. Defendant claims it refused to pay Plaintiff for the watches, because, although Plaintiff came into possession of the watches, Plaintiff could not establish the amount it paid for the watches, or that it ever paid for the watches. This matter was tried to the Court on April 30, 2007, and the Court issued its Memorandum Opinion and Order on August 9, 2007. The Court found for Plaintiff on the breach

of contract and found contractual damages in the amount of $94,865.00.  The Court found in favor

of Defendant on the claims of conversion and civil theft.  Plaintiff filed its Motion to Amend arguing

that the statutory interest of 8% should be compounded annually and should continue until the

judgment is satisfied, and that the Court should have found for Plaintiff on the claim of conversion.

Defendant filed its Motion to Amend arguing that damage award is speculative and should have been

limited to Plaintiff's out-of-pocket costs in the amount of $28,614.70.

## II.    Discussion

### A.    Legal Standard for Amending or Altering a Judgment

Rule 59(e) allows a motion to amend or alter judgment to be filed within ten days of the entry

of a final judgment.  Fed. R. Civ. P. 59(e).  "A Rule 59(e) motion to later or amend the judgment

should be granted only to correct manifest errors of law or to present newly discovered evidence."

*Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotations omitted).  "It is not an

opportunity to raise arguments that could have been presented prior to the entry of judgment."

*Caffree v. Lundahl*, 143 Fed. Appx. 102, 106 (10th Cir. 2005).  In this case, both motions are timely

filed.

### B.    Plaintiff's Motion to Amend

Plaintiff seeks to amend the judgment first based on the interest calculation and second on its

claim of conversion.  Regarding the interest calculation, judgment provided for interest to run from

May 6, 2004, until the date of judgment at the Colorado statutory rate of 8% per annum.  Plaintiff

contends that this rate should be compounded annually and should continue until the judgment is

satisfied, pursuant to C.R.S. § 5-12-102(4).  Defendants state in response that the 8% rate is correct

on post-judgment interest as well.  Even so, the Court does not have the authority to award post-

judgment interest at the rate requested by Plaintiff.  It is well settled that, in a diversity jurisdiction case, *pre-judgment* interest is governed by state law.

Interest on a federal judgment, *i.e.*, post-judgment interest, is governed by federal law.  28 U.S.C. § 1961; *see also Everaard v. Hartford Acci. & Indemn. Co.*, 842 F.2d 1186, 1193-94 (10th Cir. 1988) (holding that the federal rate controls post-judgment interest in a diversity jurisdiction case).  The purpose of this rule is to establish uniformity in federal court judgments.  *Id.* at 1394; *see also Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) (holding the same and explaining that once a claim is reduced to judgment, that claim is extinguished and a new claim arises).  In fact, post-judgment interest accrues automatically under the statute, even if it is not mentioned in the judgment.  *Gele v. Wilson*, 616 F.2d 146, 148 ("[A]ll money judgments recovered in civil cases in federal district courts automatically bear interest from the date of entry.").  Thus, the Court will amend the judgment to state that pre-judgment interest is compounded annually at 8% per annum until the date of the amended judgment.  Interest will run at the federal rate from that date until the judgment is satisfied.  Accordingly, Plaintiff's motion is **granted in part** and **denied in part** as to the interest calculation.

Plaintiff also argues that the Court erred in finding for Defendants on Plaintiff's claim for conversion.  Plaintiff argues that, because Defendant claimed to be the owner of the watches, Plaintiff need not demand return of the watches to support a conversion claim.  Plaintiff contends that "a demand is not a necessary prerequisite, where the surrounding facts and circumstances show that it would have been unavailing."  Motion at ¶3.  Plaintiff's argument is premised on the idea that "[t]he law simply does not require a party to perform a useless act."  Reply at ¶5.  While the Court agrees with Plaintiff's premise, it rejects the corresponding application under the surrounding facts and

circumstances of this case. As the Court previously held, the surrounding circumstances establish that Plaintiff *refused* the return of the watches. Order at 9. Certainly, such an offer to return the watches is not "inconsistent with the rights of the owner." *Finance Corp. v. King*, 370 P.2d 432, 435 (Colo. 1962); *see also Davis v. American Nat'l Bank*, 367 P.2d 325, 326 (Colo. 1961).

While Defendant later argued that it owned the watches, the evidence established that Defendant was willing to return the watches, rather than perform under contract. Plaintiff rejected this return and demanded payment under the contract. Plaintiff could either take the watches back or seek to enforce the contract.[1] Plaintiff made its choice when Mr. Hochfield refused the watches, and at no time after Plaintiff rejected the return of the watches did Plaintiff make a demand or in any way indicate that it desired the return of the watches. Thus, Plaintiff has not established through the surrounding facts and circumstances that a demand would be superfluous.

Plaintiff's citation to *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 45 (Colo. App. 1987), is inapposite. In that case, Montgomery Ward "went to the business premises on August 21, loaded everything, including Andrews' personal goods, into a truck, and took it all to Wards' dock in Denver." *Id.* at 43. This is the classic example of "property not lawfully acquired," which never requires a demand and refusal.

Under Colorado law, "[c]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. A mere breach of contract will not support an action of trover." *Byron v. York Inv. Co.*, 296 P.2d 742, 745 (Colo. 1975). The facts

---

[1] This is not to say that a plaintiff cannot seek recovery for both breach of contract as well as conversion. *See Nat'l Surety Corp. v. Citizens State Bank*, 734 P.2d 663, 664 (Colo. App. 1986). It is simply not possible to establish conversion when a defendant has offered to return the property at issue.

before the Court are those of a breach of contract.  The parties have continuously fought over the price that Plaintiff should be paid for the watches, not who should retain control of the watches. While Defendant has in essence argued that no money is due Plaintiff because Plaintiff did not pay for the watches, this is based on Defendant's belief that, under the contract, it should only pay Plaintiff what Plaintiff could prove that it paid for the watches, coupled with Plaintiff's repeated failure to provide proof.  Recognizing that the burden is on Plaintiff to establish conversion, this claim must fail in light of the unrebutted evidence that Defendant was willing to return the watches.  To this extent, Plaintiff's Motion to Amend is **denied**.

### C.    Defendant's Motion to Amend

As an initial matter, Defendant requests oral argument on this motion to allow the Court to carefully consider Defendant's argument "before additional expenses and Tenth Circuit resources are involved."  Motion at 1 n.1.  The Court has considered the utility of oral argument in this case and determines it is unnecessary.  Thus, Defendant's request for oral argument is **denied**.

Defendant seeks amendment of the judgment, arguing that the Court erred in finding damages for the breach of contract in the amount of $94,865.00.  Defendant contends that damages should be limited to $28,614.70, the amount Plaintiff paid Horological Works for the watches.  Defendant argues that Plaintiff's loss is restricted to its actual loss, that damages in breach of contract cannot include punishment, and that the Court's award of damages are speculative and unrecoverable as a matter of law.

Defendant argues that damages are limited to Plaintiff's out-of-pocket loss because "it is undisputable that the Court's award is based on the assumption that plaintiff would have sold the eight watches for their full retail price."  Motion at 4.  Defendant concludes that "[t]here is no logical

or legal basis for this Court's apparent conclusion that plaintiff's actual loss of $28,614.70 is suddenly converted to an actual loss of $94,865 because plaintiff paid the $28,614.70 to a third party rather than to Parmigiani." *Id.* In its Reply, Defendant elaborates that, in the absence of discussions regarding the purchase price, Plaintiff must establish with reasonable certainty that it could have sold the watches for $94,865.00. Reply at 3.

"[D]amage awards in contract cases attempt to place the parties in the same financial position they would have occupied had the contract terms been fulfilled." *Colo Nat'l Bank of Denver v. Friedman*, 846 P.2d 159, 174 (Colo. 1993) (quoting *Republic Nat'l Life Ins. Co. v. Red Lion Homes, Inc.*, 704 F.2d 484, 488 (10th Cir. 1983). Yet, damages cannot be "merely speculative, remote, imaginary, or impossible of ascertainment." *Id.* (quotations omitted).

The Court finds that the damages awarded were established with reasonable certainty, despite Defendant's piecemeal reading of this Court's Order. Clearly, the amount Plaintiff *would* have sold the watches for is not recoverable. The proper consideration under Colorado law in an open-term contract is the reasonable price of these watches as between Plaintiff, a retailer, and Defendant, a manufacturer, at the time of delivery. C.R.S. § 4-2-305(1). It is not simply whether Plaintiff could have sold the watches for invoice price to a third party that controls the measure of damages but, rather, whether the invoice price, or wholesale price, is a reasonable purchase price for watches between these two parties.

On this point, the Court finds no similarity between the present case and *Colorado Nat'l Bank*, as relied upon by Defendant. In that case, the plaintiff sought to recover lost profits after the defendant interfered with a potential sale. *Colo. Nat'l Bank of Denver*, 846 P.2d at 175. The Colorado Supreme Court required the plaintiff to show that he could have sold the mobile home club

to a third party for a sum certain to establish the damages for lost profits. *Id.* Notably, Defendant still retains possession of the watches at issue in this case. Thus, a determination of the proper purchase price between the parties is neither the retail value nor the out-of-pocket cost: it is the reasonable purchase price between Plaintiff, a retailer, and Defendant, a manufacturer. As the Tenth Circuit has concluded, the focus, in placing the parties in the same financial position as had the contract terms been fulfilled in an open-term contract, is the reasonable purchase price between these two parties. *Fischer Imaging Corp. v. General Electric Co.*, 187 F.3d 1165, 1174 (10th Cir. 1999). This is a fact-specific inquiry, which includes consideration of "the parties' course of dealing, course of performance, usage of trade, or the fair market value of the goods, or a formula agreed upon by the parties." *Id.* at 1173 (citing 1 WHITE AND SUMMERS, UNIFORM COMMERCIAL CODE § 3-8 (1995)).

To support the reasonableness of the invoice price, Plaintiff submitted evidence that Defendant entered a similar contract with London Jewelers. Defendant's representative Ms. Veyna testified that Defendant paid London Jewelers the invoice price minus the cost of refurbishment. In addition, Defendant submitted no evidence that the invoice price submitted by Plaintiff was not a reasonable wholesale price for the watches. The Court also noted in its original Order that Ms. Veyna testified that she assumed that Defendant would pay the invoice price minus refurbishment for the watches. Plaintiff also assumed that he would receive invoice price for the watches. The evidence at trial, therefore, supports the conclusion the reasonable purchase price for this contract is the invoice price of $94,865.00. *See Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 290 (4th Cir. 1998) (interpreting identical section of the UCC).

Moreover, the Court also concluded that deducting the cost of refurbishment from the invoice

7

price constituted a reasonable purchase price under the contract. However, Defendant failed to provide any evidence of the cost of refurbishment for these watches. Accordingly, to deduct any cost of refurbishment on the record before the Court would require mere speculation.

Defendant further contends that the Court's damage award is speculative and constitutes punishment. The Court rejects each argument in turn. First, as discussed above, determining the reasonable purchase price in an open-term contract requires a different analysis than damages under a theory of loss profits, or Plaintiff's ability to re-sell the watches to a third party. The trier of fact must determine a commercially reasonable price based on the two parties positions. In this case, the Court determined that a reasonable price was the wholesale price of the watches based on the factors listed above.

Second, the award is not a punishment to Defendant, because the evidence established that Plaintiff owned the watches, Defendant settled any prior claim of ownership to the watches with Horological Works, and Defendant received the watches at wholesale price. The evidence further established that Plaintiff received a better price for the watches from Horological Works because of the financial predicament in which Horological Works found itself, which was prior to Defendant's settlement with Horological Works. Plaintiff received a bargain from Horological Works, and it would be error for this Court to require Plaintiff to forego that benefit for Defendant's gain. Just as a finding that Defendant should pay the retail price would be commercially unreasonable, so too would a finding that Defendant should only pay the out-of-pocket costs of Plaintiff, thereby taking from Plaintiff the benefit of the bargain. Defendant's position in this case is based on hindsight: a position this Court cannot rightfully accept, given the fact that the Court must determine the reasonable price *at the time of delivery*, not after Defendant learned of the price Plaintiff paid or after

8

Defendant believed it still owned the watches.  The fact that, in hindsight, Defendant no longer wished to complete the transaction as contracted does not make the wholesale price of the watches a punishment.  Accordingly, Defendant's Motion to Alter or Amend is **denied**.

## III.    Conclusion

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Alter or Amend [Filed August 15, 2007; Docket #91] is **granted in part** and **denied in part**.  Specifically, the Court will amend the interest calculation to state that pre-judgment interest will be compounded annually and to state that post-judgment interest will accrue at the federal rate until the judgment is satisfied.  The Motion is denied in all other respects.

It is FURTHER ORDERED that Defendant Parmigiani Fleurier SA's Motion to Alter or Amend and Request for Oral Argument [Filed August 28, 2007; Docket #95] is **denied**.

Dated at Denver, Colorado, this 1st day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge