IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02424-MEH-BNB

EASY STREET CORPORATION, a Colorado Corporation,
d/b/a HOCHFIELD JEWELERS, and
HOCHFIELD ASPEN,

      Plaintiffs,

v.

PARMIGIANI FLEURIER SA,

      Defendant.

_____

## ORDER ON PLAINTIFF'S MOTION
## FOR REVIEW OF CLERK'S DENIAL OF COSTS

_____

Before the Court is Plaintiff's Motion for Review of Clerk's Denial of Costs [Docket #100]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Review of Costs.

Plaintiff Easy Street Corporation seeks costs denied by the Clerk of the Court in the amount of $3,686.26 for computerized legal research. Plaintiff states that the Clerk disallowed the costs because they were not specifically itemized as an allowable cost. Plaintiff argues that Colorado law should apply to whether these costs are allowed, and that Plaintiff has met the standard for an allowance of these costs. In response, Defendant argues that federal law controls the award of discretionary costs, not state law, and that the Court should limit Plaintiff's costs to those allowed by statute under 28 U.S.C. § 1920.

As the Tenth Circuit Court of Appeals has held, "federal law controls in regard to the assessment of costs." *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291-92 (10th

Cir. 1988).   The Tenth Circuit expressly rejected the lower court's decision to award fees based on state law "to avoid a penalty to the prevailing plaintiff who chose the state forum."  *Id.* at 1292 (citation omitted).   In disallowing the expert witness fees in that case, the Court held, "[a] discretionary award of costs is not tantamount to an express statutory mandate."  *Id.*  In this case, an award of costs for computerized legal research under Colorado law is also discretionary.  *See Roget v. Grand Pontiac*, 5 P.3d 341, 348 (Colo. App. 1999) (holding that Colorado courts *may* award such costs because they are not prohibited by statute).   Because the costs are not mandated, the Court's discretion is limited to that allowed under federal law.  *Brown v. Butler*, 30 Fed. App'x, 870, 876 (10th Cir. 2002).  Such discretion "should be sparingly exercised with reference to expenses not specifically allowed by statute."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

In support of its request, Plaintiff relies on cases allowing such fees as part of an award of attorney's fees and expenses under 28 U.S.C. § 1988, which does not apply here.  *See Erickson v. City of Topeka*, 239 F. Supp. 2d 1202, 1212 (D. Kan. 2002) (analyzing computerized legal research fees as expenses under 28 U.S.C. § 1988) (citing *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998) (same).  This case is not of such an unusual nature to support an award of costs not authorized by statute.  And in fact, the Tenth Circuit has held that it is error to include computerized legal research as costs under Section 1920.  *Sorbo v. UPS*, 432 F.3d 1169, 1180 (10th Cir. 2005) (holding that computer assisted legal research is not within the scope of Section 1920).

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Review of Clerk's Denial of Costs [Filed September 13, 2007; Docket #100] is **denied**.

Dated at Denver, Colorado, this 22nd day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge